IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KELLIS DJON JACKSON,

                Petitioner,                   OPINION AND ORDER

v.

                                              10-cv-193-slc[1]

WARDEN C. HOLINKA,

                Respondent.

---

Petitioner Kellis Djon Jackson, a prisoner at the Federal Correctional Institution in Oxford, Wisconsin, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 contending that he is in custody in violation of the laws or the constitution of the United States. Specifically, he claims that the incorrect parole guidelines were applied to his case at his January 2010 parole hearing, in violation of his rights under the *Ex Post Facto* Clause of the Constitution. Also, he claims that he was denied a timely parole hearing. Jackson has paid the $5 filing fee.

ALLEGATIONS OF FACT

In his petition and attachments, Jackson alleges the following facts:

Petitioner Kellis Djon Jackson is an inmate currently incarcerated at the Federal Correctional Institution in, Oxford, Wisconsin. He is serving an aggregate 80-year sentence on two separate kidnapping charges; one in violation of the United States Code and one in

---

[1] This case has been assigned to Magistrate Judge Stephen Crocker. At this early date consents to the magistrate judge's jurisdiction have not yet been filed by the parties to this action. For the purpose of issuing this order, therefore, Judge Conley is acting for the court.

violation of the District of Columbia Code. (The District of Columbia offense occurred on December 10, 1986 and the federal offense occurred on February 22, 1987.)

In 1997, Congress enacted the Capital Revitalization Act, which abolished the District of Colombia Parole Board and directed the United States Parole Commission to conduct parole hearings for District of Columbia Code offenders pursuant to the laws and regulations of the District of Columbia. These hearings were to be conducted pursuant to the District of Columbia's 1987 regulations. The regulations provided that the Commission should consider the degree of risk presented by the offender and the type of risk, together with the offender's institutional adjustment and program participation.

In 2000, the United States Parole Commission adopted new regulations and guidelines, which it applied to District of Columbia code offenders, including Jackson. These guidelines were different from the 1987 regulations in that they placed greater emphasis on the severity of the offense of conviction and on institutional behavior. These new guidelines allowed consideration of all disciplinary infractions since the beginning of confinement, as opposed to the earlier regulations that considered only those committed within three years of the parole hearing.

On January 19, 2010, Jackson had his first parole hearing before the United States Parole Commission. The Commission applied the 2000 United States Parole Guidelines to determine that Jackson was not entitled to be paroled. The commission noted that the decision was not appealable. As a result of the application of the 2000 guidelines, Jackson was subjected to a longer period of incarceration than he would have had if the 1987

regulations had been applied.

Jackson's statutory release date on his D.C. code sentence is August 7, 2008. Under the 1997 D.C. regulations, Jackson could have had his initial parole hearing in November 2007.

OPINION

I.  *Ex Post Facto* Clause Claim

As an initial matter, a petitioner seeking habeas corpus relief must exhaust his administrative remedies before filing in federal court, absent a showing of cause and prejudice. *See Sanchez v. Miller*, 792 F.2d 694, 697 (7th Cir. 1986) (federal prisoners are ordinarily required to exhaust administrative remedies before petitioning for writ of habeas corpus). For the purpose of this order only, the Court will assume petitioner has exhausted his administrative remedies because the exhibits he submitted with his petition include a notice from the United States Parole Commission informing him that he has been denied parole, setting his rehearing date (applying the 2000 guidelines) and indicating that the commission's decision was not appealable.

The United States Supreme Court has held that the *Ex Post Facto* Clause is violated where retroactive application of a parole regulation to a prisoner's sentence creates a significant risk of increasing his punishment. *Garner v. Jones*, 529 U.S. 244, 255 (2000). In *Sellmon v. Reilly*, 551 F. Supp 2d. 66, 84 (D.D.C. 2008), the Court addressed inmates' arguments that the United States Parole Commission violated their constitutional fights

under the *Ex Post Facto* Clause by applying the 2000 United States Parole Commission Guidelines to their cases rather than the 1987 District of Columbia parole regulations. The Court held that to prevail on their claim, the inmates must demonstrate that as applied to their individual cases, the "practical effect" of the application of the 2000 Parole Guidelines was a "substantial risk" of lengthier incarceration.

Because Jackson has alleged that he was subjected to a "substantial risk" of lengthier incarceration because the 2000 Parole Guidelines were applied retroactively to his case, respondent Holinka will be directed to show cause why the petition should not be granted.

## II. Denial of Parole Hearing

The regulations provide that in the case of a prisoner with a minimum term of parole ineligibility of ten years or more, an initial hearing will be conducted nine months prior to the completion of such a minimum term or as soon thereafter as practicable. 28 C.F.R. §2.12(a). Because Jackson is alleging that he completed his minimum term in August 2008, his hearing should have been held in November 2007 or shortly thereafter. This claim is moot, however, because the only remedy available to Jackson in this habeas action is to be given an initial hearing, and he received an initial hearing on January 19, 2010. To the extent he argues that the January hearing was defective, the Court has already directed respondent Holinka to show cause why his petition should not be granted on that ground.

4

ORDER

IT IS ORDERED that:

1. No later than 20 days from the date of service of the petition, respondent Holinka is to file a response showing cause, if any, why this writ should not issue with respect to petitioner Kellis Jackson's claim that his rights under the *Ex Post Facto* Clause of the Constitution were violated when the 2000 parole guidelines were applied at his January 19, 2010 parole hearing.

2. Petitioner may have 20 days from service of the response in which to file a traverse to the allegations of the response.

3. For the sake of expediency, the petition will be sent to Warden Holinka, the local United States attorney and the United States Attorney General via certified mail in accordance with Fed. R. Civ. P. 4(i), along with a copy of this order.

Entered this 4th day of June, 2010.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge