Mr. Kellis Djon Jackson
IBN #13872-083
P.O. Box #1000
Oxford, WI, 53952

DOC NO
REC'D/FILED
2010 JUN 11 AM 8:56
PETER OPPENEER
CLERK US DIST COURT
WD OF WI

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

KELLIS DJON JACKSON,
        Petitioner,

v.

WARDEN C. HOLINKA,
        Respondent. /

MOTION TO ALTER JUDGMENT/ORDER

Case No. #10-cv-193-WMC

MOTION TO ALTER JUDGMENT/ORDER

United States District Court
Western District of Wisconsin
Judge's Chambers
P.O. Box 591
Madison, WI, 53701

Mr. Stephen Sinnott
Acting U.S. Attorney
660 W. Washington Ave.
Madison, WI, 53703

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

KELLIS DJON JACKSON,
        Petitioner,        Case No. #10-cv-193-WMC

v.                         MOTION TO ALTER JUDGMENT/ORDER

WARDEN C. HOLINKA,
        Respondent.  /

## MOTION TO ALTER JUDGMENT/ORDER

COMES NOW, Kellis Djon Jackson, Petitioner and Pro Se litigant in the above styled cause, and presents to this Honorable Court his MOTION TO ALTER JUDGMENT/ORDER pursuant to Rule 59(e) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P."). In support the Petitioner states as follows:

### I. PROCEDURAL STATEMENT

On April 9, 2010, the Petitioner filed with this court his petition for a writ of habeas corpus under 28 U.S.C. § 2241. Therein, the Petitioner raised several allegations concomitant to his January 2010 parole hearing. On June 4, 2010 this court issued an ORDER directing Respondent C. Holinka to respond to only one of his grounds, namely, that his January 19, 2010 parole hearing was conducted utilizing 2000 Parole Guidelines rather than the statutorily required 1987 D.C. Guidelines, in

violation of his constitutional rights under the Ex Post Facto Clause.

This Court, however, opined that the Petitioner's allegation that his right to a timely parole hearing was denied by well over two years, was "moot," "...because the [o]nly remedy available to Jackson in this habeas action is to be given an initial hearing, and he received an initial hearing on January 19, 2010." The Petitioner respectfully disagrees with this Court's assessment, and requests an alteration of that ORDER.

## II.  ARGUMENT

Perhaps, the Petitioner bears responsibilty for not raising his issue with sufficient clarity. The crux of his claim is that his right to constitutionally protected Due Process was violated by the Respondent in her failure to provide the Petitioner a timely parole hearing pursuant to statute for well over two years.

Consider: it is well established that a prisoner's right to a timely parole hearing is constitutionally protected. See Christopher v. U.S. Bd. of Parole 589 F.2d 924, 927 n.8 (7th Cir. 1978) ("Although inmate being considered for parole does not have a per se right to be released on parole, he does have a right to be [c]onsidered for parole..."); and Franklin v. Shields 569 F.2d

(2)

784, 789-90 (4th Cir.1977)("Thus, it is readily apparent from an examination of Virginia law that a prisoner has a right to be considered for parole, and that this right is protected by statutory safeguards.")("Because a prisoner has a statutory right to fair parole consideration, and because this right involves the prisoner's liberty, we conclude that parole is subject to due process clause. Wolff v. McDonnell 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 484 (1974)) Id.  It is simply axiomatic that Due Process safeguards are afforded prisoner's right to be considered for parole.  And these rights were clearly violated by the Respondent.

This Court concluded in it's ORDER that the Petitioner's claim that his parole hearing was delayed, unconstitutionally, for well over two years, was "moot," because "the only remedy available to Jackson in this habeas action is to be given an initial hearing." Again, with the utmost respect, the Petitioner disagrees with this assessment.  The Petitioner believes that a clear precedent had been set or even maintained by Thomas v. Brennan 961 F.2d 612 (7th Cir.1992).  The Thomas case pertained to an inmate incarcerated in the same federal facility as the Petitioner.  Inmate Thomas, just like the Petitioner, had multiple D.C. Code and U.S. Code sentences, of which he believed that a full aggregation of the terms should have been applied for purposes of parole consideration. The argument was that, if his multiple sentences had been fully aggregated, he would have been entitled to an much earlier parole

consideration hearing on his D.C. Code sentence. Inmate Thomas's argument failed in this decision. However, in its deliberation, the Seventh Circuit Court of Appeals did state that retroactive parole application was a proper "remedy" for cases wherein a parole consideration hearing was impermissibly denied. Consider:

> "Granted, were we to find that Thomas was entitled to a D.C. hearing on August 21, 1988, we could order the Commission to hold a D.C. hearing retroactive to that date, with retroactive annual rehearings through the present." Id. Thomas at 618.

Taking the Seventh Circuit Court of Appeals' assertion that a "retroactive" hearing is indeed a proper remedy for unlawfully denied parole hearings, the Petitioner believes that his claim should not have been dismissed as "moot" for lack of a remedy. The precedent for retroactive parole hearings has already been established, if not sustained by the Thomas v. Brennan decision.

The Petitioner would also request that this Court's ORDER dismissing his claim of the constitutionally impermissable denial of his right to a parole consideration hearing, be altered, due to the fact that that claim is the central argument to his petition. Again, the Petitioner takes all responsibility for any lack of clarity. In the interest of being absolutely clear, the Petitioner's habeas corpus action is predicated on one premise: THE PETITIONER

(4)

IS BEING UNLAWFULLY INCARCERATED, AND SHOULD HAVE BEEN <u>RELEASED</u> PURSUANT TO THE PROPER APPLICATION OF THE 1987 D.C. GUIDELINES, IN 2008! The Petitioner's habeas corpus petition urgently requests of his custodina, Respondent Warden C. Holinka, to SHOW CAUSE as to (1) whether or not the Petitioner was entitled to a parole consideration hearing in November, 2007; and (2) whether the correct application of the 1987 D.C. Guidelines would have required a release on parole at that time!? (a question easily answered based on whether, nunc pro tunc, the Petitioner's paroling data warrants a release <u>now</u>).

The Petitioner sincerely believes it extremely unfair, unjust and a gross miscarriage of justice to merely disregard the fact that his right to a parole hearing was impermissibly denied without any Due Process of law whatsoever. The Petitioner implores this Court to consider the fact that he was denied parole at his recent January, 2010 hearing, and given a one-year setoff. Taking into account that the Petitioner was already denied a parole hearing for almost three years, his "one-year setoff" is actually closer to a <u>four-year</u> setoff! And given the fact that the Petitioner is not guaranteed parole at his next hearing, the Commission could continue to setoff his release; never taking into account, or crediting the fact that his orginal parole hearing was delayed by almost three years. It would be patently unfair and prejudicial to allow this to transpire. The only real remedy to rectify this injustice, is to ORDER a "Retroactive"

parole hearing and release. In summary, while the question of the proper application of the 1987 D.C. Guidelines is very important, the paramount inquiry, however, is <u>when</u> those quidelines should have been applied, and the ramifications of not applying them at that time.

### III. CONCLUSION

It should be remembered that the Petitioner is an un-trained un-schooled Pro Se ligigant. Obviously, there were many flaws in the composition and presentation of the Petitioner's habeas corpus petition. The Petitioner takes full responsibility for any lack of clarity in outlining his claims. At this point, it should be reiterated that the Petitioner believes that, as a consequence of a misapplication of the relevant paroling guidelines, and the denial of his right to a November, 2007 parole hearing, he is being UNLAWFULLY INCARCERATED, and should have been released years ago! The Petitioner asks that this Court reconsider and alter its June 4, 2010 ORDER; instructing the Respondent to address the issue of his UNLAWFUL INCARCERATION, as relates to the misapplication of the paroling guidelines <u>and</u> his delayed parole hearing. Upon a finding of any veracity to the Petitioner's claims, he requests a further ORDER instructing the Respondent and Parole Commission to IMMEDIATELY release him on a <u>Retroactive</u> parole; taking into account all statutory rights and privileges afforded to any other parolee who has served well over

(6)

two years of successful parole. As pointed out herein, there is precedent in this circuit for application of this remedy. In addition, the Petitioner requests any other relief or remedy that this Court deems fair and just.

*Kellis Jackson*
Mr. Kellis Djon Jackson
IBN #13872-083
P.O. Box #1000/F.C.I. Oxford
Oxford, WI, 53952


## VERIFICATION

All statements, claims and allegations are true, correct and complete to best of my knowledge and beliefs, and are presented under PENALTY OF PERJURY pursuant to 28 U.S.C. § 1746.

*Kellis Jackson*
Mr. Kellis Djon Jackson

(7)