UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| KELLIS D. JACKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 10-cv-193 |
| | ) |
| WARDEN C. HOLINKA, | ) |
| | ) |
| Defendants. | ) |

**DECLARATION OF AMY STANDEFER-MALOTT**

I, Amy Standefer-Malott, do hereby state under oath as follows:

1. I am currently the Senior Attorney at the Metropolitan Correctional Center in Chicago, Illinois (MCC Chicago). I have held this position since October 2010. I have been employed by the Federal Bureau of Prisons since July 2002. As part of my duties, I am familiar with and have access to former inmate Kellis D. Jackson's Administrative Remedies that he has filed with the BOP.

2. Petitioner Kellis D. Jackson (Register Number 13872-083) has been housed at FCI Oxford since October 14, 2008 (Attachment 1, p. 1).

3. The BOP's Administrative Remedy Program for inmates is set out in the Code of Federal Regulations Title 28, Sections 542.10-.19 and Program Statement 1330.13, Administrative Remedy Program. Inmates are required to use the BOP's Administrative Remedy Program to rectify alleged deprivations of their rights. The program is a three-tiered review

1

process comprised of the Warden, the Regional Director, and the General Counsel. Unless the complaint is an appeal from the Discipline Hearing Officer's (DHO) decision, which goes directly to the Regional Office, inmates must first present their complaints to the Warden of the facility in which they are confined, if an attempt at informal resolution is unsuccessful. If an inmate is not satisfied with the Warden's response, the inmate may appeal the matter to the Regional Director for the BOP. The inmate has 20 days to appeal the decision to the Regional Director, and the Regional Director has 30 days to respond to the inmate. 28 C.F.R. §§ 542.15, 542.18. If the inmate is not satisfied with the Regional Director's response, the inmate has 30 days to submit an appeal to the Office of the General Counsel. *Id.* § 542.15. The General Counsel has 40 days to respond. *Id.* § 542.18. An appeal to the General Counsel is the final BOP administrative appeal. *Id.* § 542.15. Inmates are not considered to have exhausted their administrative remedies until their requests or appeals have been properly filed at all levels of the process and responded to on the merits. *Id.* § 542.15(a).

4. All requests for administrative remedies are logged and tracked in the SENTRY computer program, which is an electronic recordkeeping system used by BOP. I ran a complete summary of all administrative remedies submitted by plaintiff for all periods of his incarceration within the BOP. (*See* Attachment 2).

5. When a remedy request is pursued through the administrative levels, the remedy request identification number does not change, but the code at the end of the number changes according to the level of administrative appeal. The alphabetical designation "F" denotes a remedy filed at the Warden's (institution) level; "R" denotes a remedy filed at the Regional Director level, and "A" denotes a remedy filed at the General Counsel level.

2

6. The following is a summary of petitioner's administrative remedy requests relating to the subject matter of the current lawsuit (i.e., wanting an initial hearing (parole) for DC Code sentence):

7. On February 3, 2010, petitioner filed an administrative remedy, 575541-F1, with the Warden asking why he had not received his initial parole hearing.. (Attachment 2, p. 1 & Attachment 3, p. 1).

8. On March 15, 2010, the Warden responded to the inmate's administrative remedy request, 575541-F1, informing him that on January 19, 2010, he was seen by the U.S. Parole Commission and a Notice of Action was forthcoming. (Attachment 2, p. 1 & Attachment 3, pp. 2-3). The Warden stated the response was for informational purposes only because parole consideration is at the discretion of the U.S. Parole Commission. (Attachment 2, p. 1 & Attachment 3, p. 3).

9. On March 25, 2010, petitioner appealed the Warden's response to his BP-9, to the BOP's North Central Regional Office, 575541-R1, wherein he stated he wanted an initial parole hearing for the DC Code portion of his sentence. (Attachment 2, p. 2 & Attachment 3, p. 4)

10. On May 12, 2010, the North Central Regional Office denied the administrative remedy appeal, stating that petitioner appeared for a parole hearing on January 19, 2010, and was awaiting a decision. (Attachment 2, p. 2 & Attachment 3, p. 4). Petitioner was advised that he could appeal that decision upon its receipt, but that the response to his regional administrative remedy was for informational purposes only. (Attachment 3, p. 4). Petitioner did not file any more administrative remedies with regard to this issue. Therefore, he has not exhausted his administrative remedies regarding his parole hearing.

11. Attached are true and correct copies of the following records relating to former federal inmate Kellis Jackson Register Number 13872-083:

- Inmate History, Admission-Release
- Administrative Remedy Generalized Retrieval, relevant pages
- Administrative Remedy Request No. 575541 and responses

I declare, under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct. Executed this 28th day of June 2010.

*Amy Standefer-Malott*
Amy Standefer-Malott
Senior Attorney
MCC Chicago