IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KELLIS DJON JACKSON,

                Petitioner,                              ORDER

v.

                                                          10-cv-193-wmc

WARDEN C. HOLINKA,

                Defendant.

---

On March 4, 2011, this court dismissed petitioner Kellis Jackson's petition for a writ of habeas corpus under 28 U.S.C. § 2241 because the Parole Commission properly applied the correct guidelines to Jackson's case and did not abuse its discretion in setting the date for his hearing. Jackson's motion to alter or amend judgment was also denied. Now before the court is Jackson's notice of appeal. Because Jackson has not paid the $450 filing fee, the court concludes that he is requesting to proceed *in forma pauperis* on appeal.

Jackson's appeal is not subject to the 1996 Prison Litigation Reform Act. *Walker v. O'Brien*, 216 F.3d 626, 628-629 (7th Cir. 2000) ("the PLRA does not apply to any requests for collateral relief under 28 U.S.C. §§ 2241, 2254, or 2255"). Nevertheless, in determining whether a petitioner is eligible for indigent status on appeal under 28 U.S.C. § 1915, the court must find both that the petitioner does not have the means to pay the $455 fee for filing his appeal and that the appeal is taken in good faith. 28 U.S.C. § 1915(a)(1) and (3). The court does not intend to certify that petitioner's appeal is not taken in good faith.

In determining whether a habeas corpus petitioner is eligible for pauper status, the court applies the formula set out in 28 U.S.C. § 1915(b)(1). Specifically, from the petitioner's trust fund account statement for the six-month period immediately preceding

the filing of his appeal, the court adds the deposits made to petitioner's account and calculates 20% of the greater of the average monthly deposits or the average monthly balance in the account. If the 20% figure is more than the fee petitioner owes for filing his appeal, he may not proceed *in forma pauperis*. If the 20% figure is less than $455, he must prepay whatever portion of the fee the calculation yields.

The court cannot tell whether petitioner qualifies for indigent status on appeal because he has not submitted a trust fund account statement for the six-month period immediately preceding the filing of his notice of appeal. Therefore, a decision on Jackson's request for leave to proceed *in forma pauperis* will be stayed pending his submission of the necessary trust fund account statement.

ORDER

IT IS ORDERED that a decision whether Jackson may proceed *in forma pauperis* on appeal is STAYED. Jackson may have until May 4, 2011 in which to submit a trust fund account statement for the six-month period beginning approximately September 30, 2010 and ending approximately March 30, 2011. If Jackson fails to submit the necessary trust fund account statement by May 4, 2011, the court will deny his request for leave to

proceed *in forma pauperis* on appeal for his failure to show that he is entitled to indigent status on appeal.

Entered this 14th day of April, 2011.

> BY THE COURT:
> /s/
> WILLIAM M. CONLEY
> District Judge